UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISLAND PARADISE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                                  CASE NO: 8:11-cv-783-T-26AEP

JOSEPH J. MAURIO,

    Defendant.
_____/

**O R D E R**

    Pending before the Court is Plaintiff/Counterclaim Defendant Island Paradise Condominium Association, Inc.'s (the Association) motion to dismiss count I of Defendant/Counterclaim Plaintiff Joseph J. Maurio's (Maurio) counterclaim brought pursuant to section 718.303(1) of the Florida Statutes and the declarations and bylaws of the Association. In count I of his counterclaim, Maurio explicitly seeks damages in excess of $75,000.00, as well as interest, attorney's fees, and costs, *only* "against the Association for failure to properly repair and replace the condominium property."[1]

    The Association alleges that "it is impossible to discern what cause of action Maurio is seeking in Counterclaim Count I." It argues that there is no such "recognized cause of action" as pleaded in that count. The Court finds this argument rather curious in light of the clear and

---

[1] See docket 3, page 8, paragraph 28.

unambiguous language of section 718.303(1) which explicitly requires the Association to "comply with the provisions of . . . the declaration, the documents creating the [A]ssociation, and the [A]ssociation bylaws . . []" and further provides that "[a]ctions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the [A]ssociation or by a *unit owner* against: (a) the [A]ssociation." (Emphasis added.) Accepting all of the well-pleaded allegations of count I of the counterclaim as true, which the Court must do at this early juncture of the proceedings, there can be no question that Maurio, as a unit owner, has sufficiently raised a right to relief above the speculative level and has stated a plausible claim for relief against the Association pursuant to the statute as required by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corporation v. Towmbly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Accordingly, the Motion to Dismiss (Dkt. 11) is denied.[2] The Association shall file its answer and defenses to all three counts of the counterclaim within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on June 6, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[2] In view of this disposition of the motion, the Court needs no response from Maurio.